COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP

NORMAND R. LEZY    6297-0
   E-Mail: nlezy@cwlfirm.com
MICHAEL J. NAKANO    6940-0
    E-Mail: mnakano@cwlfirm.com
Davies Pacific Center, Suite 1099
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 744-7020
Facsimile:  (808) 744-7030

Attorneys for Defendant
SAFEWAY INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOO YUN CHUNG,<br><br>        Plaintiff,<br><br>   vs.<br><br>SAFEWAY INC.; ALBERT MITA;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE PARTNERSHIPS 1-10; DOE<br>CORPORATIONS 1-10 and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. 17-597<br>(Other Non-Vehicle Tort)<br><br>**NOTICE OF REMOVAL;<br>DECLARATION OF NORMAND<br>R. LEZY; EXHIBITS "A"-"M";<br>CERTIFICATE OF SERVICE** |

## <u>NOTICE OF REMOVAL</u>

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII:

      Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant SAFEWAY

INC. ("SAFEWAY") files this Notice of Removal in the case now pending in the Circuit Court of the First Circuit, State of Hawaii, styled <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 16-1-1945-10 BIA.  As grounds for removal, SAFEWAY states as follows:

1.     On October 17, 2016, Plaintiff JOO YUN CHUNG ("PLAINTIFF") filed a complaint in Civil No. 16-1-1945-10 KKS in the Circuit Court of the First Circuit, State of Hawaii, ("Complaint") against SAFEWAY.

2.     SAFEWAY was served with the Complaint on December 16, 2016.

3.     On January 6, 2017, PLAINTIFF filed an amended complaint in Civil No. 16-1-1945-10 KKS in the Circuit Court of the First Circuit, State of Hawaii, ("Amended Complaint") against SAFEWAY and adding as a defendant ALBERT MITA ("MITA").

4.     MITA is an employee of SAFEWAY and, at the time of the alleged injury at issue in this action, was the manager of the SAFEWAY Store located at 1234 S. Beretania Street, Honolulu, Hawaii, where the alleged injury occurred.

5.     On January 11, 2017, SAFEWAY and MITA filed their Answer to the Amended Complaint.

6.     On January 13, 2017, SAFEWAY and MITA filed a Notice of

Removal of the action from the Circuit Court of the First Circuit, State of Hawaii to the U.S. District Court for the District of Hawaii based on diversity jurisdiction, 28 U.S.C. §1332.

7.    Following removal, the action proceeded in U.S. District Court for the District of Hawaii, styled <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 17-00020 HG-KJM.

8.    Following removal, PLAINTIFF did not seek remand of the case to the Circuit Court of the First Circuit, State of Hawaii and, instead, litigated her action against SAFEWAY and MITA, including participating in Fed.R.Civ.P. 16 scheduling proceedings, making Fed.R.Civ.P. 26 disclosures, propounding and responding to written discovery, taking and defending depositions and participating in settlement proceedings.

9.    On October 4, 2017, SAFEWAY and MITA filed a motion for partial summary judgment seeking, *inter alia*, the dismissal of MITA for PLAINTIFF's failure to state a valid cause of action against him.

10.    On October 5, 2017, U.S. District Judge Helen Gillmor filed an "Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction" ("OSC"). In the OSC, Judge Gillmor indicated that, for purposes of establishing whether diversity jurisdiction existed, PLAINTIFF's Amended Complaint failed to allege either the citizenship of the Parties or the

amount in controversy. In particular, Judge Gillmor pointed out that "[t]he presence in an action of a plaintiff with citizenship from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Judge Gillmor ordered PLAINTIFF to identify the citizenship of the Parties and the amount in controversy.  Judge Gillmor indicated that SAFEWAY's and MITA's motion for partial summary judgment would not be considered unless diversity jurisdiction was established.

11.   On October 11, 2017, counsel for SAFEWAY and MITA corresponded with PLAINTIFF's counsel regarding the OSC, specifically the issue raised in the pending motion for partial summary judgment, that MITA was not a validly joined defendant, which was determinative of the diversity jurisdiction issue. In response, PLAINTIFF's counsel insisted that MITA was a validly joined defendant.

12.   On October 12, 2017, the depositions of PLAINTIFF and MITA were taken.  Both PLAINTIFF and MITA testified at their depositions that they are citizens of the State of Hawaii.

13.   Because PLAINTIFF and MITA are both citizens of the State of Hawaii, there was, per Judge Gillmor's OSC, no diversity jurisdiction. Because of the lack of diversity jurisdiction, on October 20, 2017, the Parties stipulated to remand the case to the Circuit Court of the First Circuit, State of Hawaii.

14.     Following remand, on November 17, 2017, SAFEWAY and MITA re-filed their motion for partial summary judgment in <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 16-1-1945-10 BIA seeking, *inter alia*, the dismissal of MITA for PLAINTIFF's failure to state a valid cause of action against him.

15.     On December 12, 2017, with the hearing on SAFEWAY's and MITA's motion for partial summary judgment set for January 3, 2018, PLAINTIFF stipulated to dismiss with prejudice all claims against MITA. PLAINTIFF's agreement to dismiss MITA with prejudice immediately following remand of the case and under the same factual circumstances demonstrates that PLAINTIFF acted in bad faith. MITA was a non-diverse defendant who was fraudulently joined by PLAINTIFF as a party to this action for the purpose of defeating diversity jurisdiction.

16.     Following PLAINTIFF's voluntary dismissal of MITA, PLAINTIFF and SAFEWAY are the only remaining parties in <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 16-1-1945-10 BIA.

17.     As stated above, PLAINTIFF testified at her October 12, 2017 deposition that she is a citizen of the State of Hawaii. At the time this action was filed and presently, PLAINTIFF was and is a naturalized U.S. Citizen who had made the State of Hawaii her permanent home for 10 years.  She owns real property in the State of Hawaii, is employed in the State of Hawaii, pays State of Hawaii income

tax and holds a State of Hawaii driver's license.

18.    SAFEWAY is not a citizen of the State of Hawaii. At the time this action was filed and presently, SAFEWAY was and is a corporation that is incorporated in the State of Delaware and has its principal place of business in the State of California.  SAFEWAY was and is, therefore, a citizen of both the State of Delaware and the State of California.

19.    In the Amended Complaint, PLAINTIFF alleges that SAFEWAY is liable to her for "grievous bodily injuries, pain and suffering, and emotional distress, all of a probable permanent nature[.]"

20.    In the Amended Complaint, PLAINTIFF prays for an award of special damages, including past and future medical expenses and loss of income, general damages and punitive damages against SAFEWAY. However, because Hawaii law prohibits *ad damnum* clauses in complaints, PLAINTIFF does not specify the amount of damages that she prays for.

21.    In connection with a settlement conference held on July 14, 2017, in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020 HG-KJM, PLAINTIFF submitted a written settlement demand to SAFEWAY and MITA. In her written settlement demand, PLAINTIFF valued her claims against SAFEWAY at $349,870.00. PLAINTIFF's valuation was comprised of $249,870.00 in general damages, based in part on a survey of comparable general damages awards in the

State of Hawaii, and $100,000.00 in special damages, based on her treating physician's estimate of the value of her claimed future medical care needs.

22.     This court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different States within the meaning of 28 U.S.C. §1332.

23.     A true and correct copy of PLAINTIFF's October 17, 2016 Complaint filed in the Circuit Court of the First Circuit, State of Hawaii, is attached hereto as Exhibit "A".

24.     A true and correct copy of PLAINTIFF's January 6, 2017 First Amended  Complaint filed in the Circuit Court of the First Circuit, State of Hawaii, is attached hereto as Exhibit "B" and, together with Exhibit "A", comprises all process, pleadings, and orders served upon SAFEWAY in the action.

25.     A true and correct copy of SAFEWAY's and MITA's January 11, 2017 Answer to PLAINTIFF's Amended Complaint filed in the Circuit Court of the First Circuit, State of Hawaii, is attached hereto as Exhibit "C".

26.     A true and correct copy of SAFEWAY's and MITA's January 13, 2017 Notice of Removal filed in the U.S. District Court for the District of Hawaii, is attached hereto as Exhibit "D".

27.     A true and correct copy of the U.S. District Court for the District of Hawaii civil docket in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020

HG-KJM, is attached hereto as Exhibit "E".

28.     A true and correct copy of the October 5, 2017 "Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction" filed in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020 HG-KJM, is attached hereto as Exhibit "F".

29.     True and correct copies of October 5, 2017 and October 11, 2017 correspondence between PLAINTIFF's counsel and counsel for SAFEWAY and MITA regarding the October 5, 2017 "Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction" filed in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020 HG-KJM, is attached hereto as Exhibit "G".

30.     A true and correct copy of excerpts of PLAINTIFF's deposition in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020 HG-KJM, is attached hereto as Exhibit "H".

31.     A true and correct copy of excerpts of MITA's deposition in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020 HG-KJM, is attached hereto as Exhibit "I".

32.     A true and correct copy of the Stipulation to Remand Removed Civil Action to State Court filed in Joo Yun Chung v. Safeway Inc., et al., Civil No. 17-00020 HG-KJM, is attached hereto as Exhibit "J".

33.     A true and correct copy of the Circuit Court for the First Circuit, State of Hawaii civil docket in <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 16-1-1945-10 BIA, is attached hereto as Exhibit "K".

34.     A true and correct copy of the Stipulation for Dismissal with Prejudice of All Claims Against Defendant Albert Mita filed in <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 16-1-1945-10 BIA, is attached hereto as Exhibit "L".

35.     A true and correct copy of PLAINTIFF's May 12, 2017 settlement demand letter in <u>Joo Yun Chung v. Safeway Inc., et al.</u>, Civil No. 17-00020 HG-KJM, is attached hereto as Exhibit "M".

WHEREFORE, Defendant SAFEWAY INC. prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.

DATED:  Honolulu, Hawaii, December 18, 2017.

/s/ Normand R. Lezy
NORMAND R. LEZY
MICHAEL J. NAKANO
Attorneys for Defendant
SAFEWAY INC.