IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOO YUN CHUNG,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAFEWAY INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. 17-00597 HG-KJM |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF No. 8)**

This case has been removed twice to Federal Court. The most recent Notice of Removal was filed on December 18, 2017. (ECF No. 1).

Plaintiff moves to remand the suit, for the second time, back to the Circuit Court for the First Circuit of the State of Hawaii. (ECF No. 8). Plaintiff argues that the removal is precluded by res judicata and that Defendant is judicially estopped from filing a second notice of removal.

Plaintiff's Motion to Remand is without merit and is untimely.

Plaintiff's Motion to Remand (ECF No. 8) is **DENIED**.

**PROCEDURAL HISTORY**

On October 17, 2016, Plaintiff filed a Complaint in the

1

Circuit Court for the First Circuit of the State of Hawaii in the matter styled Chung v. Safeway Inc., Civil No. 16-1-1945-10 KKS. (ECF No. 1-2).

On January 6, 2017, Plaintiff filed her First Amended Complaint adding Albert Mita as a defendant. (ECF No. 1-3).

On January 13, 2017, Defendants Safeway Inc. and Albert Mita filed a Notice of Removal to Federal Court. (Notice of Removal, ECF No. 1 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Jan. 13, 2017)).

On October 4, 2017, Defendants Safeway Inc. and Albert Mita filed a Motion for Partial Summary Judgment. (Defendants' Motion for Partial Summary Judgment, ECF No. 62 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 4, 2017)).

On October 5, 2017, the Court issued an ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION. (Order to Show Cause, ECF No. 64 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 5, 2017)).

On October 20, 2017, the Parties stipulated to remand the case back to the Circuit Court for the First Circuit of the State of Hawaii. (Stipulation and Order to Remand, ECF No. 68 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 20, 2017)).

On November 17, 2017, back in Hawaii State Court, Defendants Safeway Inc. and Albert Mita refiled their Motion for Partial

Summary Judgment seeking to dismiss the claims against Defendant Mita and Plaintiff's claim for punitive damages. (Defendants' Notice of Removal dated December 18, 2017 at ¶ 15, ECF No. 1).

On December 12, 2017, the Parties stipulated to dismiss Defendant Mita with prejudice. (ECF No. 1-13).

On December 18, 2017, Defendant Safeway Inc. filed a Notice of Removal to return the suit to Federal Court. (Second Notice of Removal, in Civil No. 17-00597 HG-KJM, ECF No. 1)

On January 19, 2018, Plaintiff filed PLAINTIFF'S MOTION TO REMAND TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION. (ECF No. 8).

On February 6, 2018, Defendant Safeway Inc. filed an Opposition. (ECF No. 11).

On February 20, 2018, Plaintiff filed a Reply. (ECF No. 12).

On March 6, 2018, the Court elected to decide the matter without a hearing pursuant to Local Rule 7.2(d). (ECF No. 13).

## BACKGROUND

The Parties agree that Plaintiff Joo Yun Chung is a citizen of the State of Hawaii.

Defendant Safeway Inc. is incorporated in the State of Delaware and has its principal place of business in the State of California. (Defendants' Notice of Removal in Civil No. 17-00597 HG-KJM, dated December 18, 2017, (hereinafter "Second Notice of Removal") at ¶ 18, ECF No. 1).

This suit was initiated in Hawaii State Court on October 17, 2016. (Complaint at ¶ 1, attached as Exhibit A to Second Notice of Removal, ECF No. 1-2). Plaintiff Chung originally named only Safeway Inc. as a Defendant, claiming Plaintiff was injured on the premises of its store, located at 1234 S. Beretania Street, Honolulu, Hawaii. (Id. at ¶ 5).

On January 6, 2017, Plaintiff amended her Complaint to add Albert Mita, the manager of the Safeway store on Beretania Street, as a Defendant. (Amended Complaint at ¶¶ 3-4, attached as Exhibit B to Second Notice of Removal, ECF No. 1-3). Plaintiff alleged that Manager Mita was a Hawaii resident but did not make any allegation as to his citizenship. (Id. at ¶¶ 3, 4).

**The First Notice of Removal**

On January 13, 2017, Defendants Safeway Inc. and Albert Mita removed the suit to Federal Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1 in Chung v. Safeway Inc.; et al., Civil No. 17-00020 HG-KJM (D. Haw. Jan. 13, 2017) (hereinafter "First Notice of Removal")). Defendants based their First Notice of Removal on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at ¶ 16). Defendants argued that there was complete diversity between Plaintiff Chung and Defendant Safeway Inc. and that Manager Mita did not destroy diversity because he was fraudulently joined. (Id. at ¶¶ 16, 17).

On October 4, 2017, Defendants filed a Motion for Partial

4

Summary Judgment arguing that Plaintiff did not have a cause of action against Store Manager Mita.  (Defendants' Motion for Partial Summary Judgment, ECF No. 62 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM at pp. 6-7 (D. Haw. Oct. 4, 2017)).

On October 5, 2017, this Court issued an Order to Show Cause on why the action should not be dismissed for lack of subject-matter jurisdiction.  (Order to Show Cause, ECF No. 64 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 5, 2017)).  The Court found the allegations in the Amended Complaint insufficient to determine if diversity jurisdiction existed.  (Id.)  The Amended Complaint asserted only that Store Manager Mita is a resident of the State of Hawaii, without alleging his citizenship.  (Id.)  Additionally, the Amended Complaint did not allege the amount in controversy.  (Id.)

The Parties established through deposition that both Plaintiff and Store Manager Mita were citizens of the State of Hawaii and submitted a Stipulation to remand the suit back to Hawaii State Court.  (Stipulation and Order to Remand, ECF No. 68 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 20, 2017)).

On October 20, 2017, the Court approved the Stipulation and ordered the suit remanded to Hawaii State Court.  (Id.)

**The Second Notice of Removal**

On remand to Hawaii State Court, on November 17, 2017,

Defendants re-filed their Motion for Partial Summary Judgment to dismiss Store Manager Mita. (Second Notice of Removal at ¶ 14, in Civil No. 17-00597 HG-KJM, ECF No. 1). On December 12, 2017, the Parties stipulated to dismiss Manager Mita from the suit. (Stipulation for Dismissal with Prejudice of All Claims Against Defendant Albert Mita, attached as Exhibit L to Second Notice of Removal, ECF No. 1-13).

Following the Stipulation to dismiss Manager Mita from the case, Defendant Safeway Inc. again removed the suit, asserting the Federal Court had subject-matter jurisdiction based on complete diversity of the Parties. (Second Notice of Removal in Civil No. 17-00597 HG-KJM ECF No. 1).

On January 19, 2018, Plaintiff filed a Motion to Remand, seeking to send the action back to Hawaii State Court a second time. (Pla.'s Motion to Remand, ECF No. 8).

## STANDARD OF REVIEW

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of a civil action from state court to the appropriate federal district court is permissible if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441. A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c).

There is a strong presumption against removal. Gaus v.

6

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). The burden of establishing that diversity jurisdiction exists rests on the party asserting it. Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).

## ANALYSIS

### I. SUBJECT-MATTER JURISDICTION

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332. Peralta v. Hispanic

7

Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Here, Defendant Safeway Inc. asserts that this Court has subject-matter jurisdiction over the action pursuant to diversity of the Parties and the amount in controversy.

Diversity jurisdiction exists where the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that plaintiffs and defendants be citizens of different states. Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007)(citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

Actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83-84 (2005).

In this case, there is complete diversity between the Parties. Plaintiff Joo Yun Chung is a citizen of the State of Hawaii. (Deposition of Plaintiff, attached as Exhibit H to Second Notice of Removal, ECF No. 1-9). Defendant Safeway Inc. is a corporation that is incorporated in Delaware and has its principal place of business in California. (Second Notice of Removal at ¶ 18, ECF No. 1).

The Amended Complaint does not seek a specific dollar amount in damages as Hawaii law prohibits ad damnum clauses. Haw. Rev.

8

Stat. § 663-1.3(a). Defendant Safeway Inc. offers Plaintiff Chung's written settlement demand to show the amount in controversy exceeds $75,000. In the settlement demand, Plaintiff values her general damages at $249,870 and future medical expenses at $100,000. (Settlement Letter dated May 12, 2017 at p. 1, attached as Exhibit M to Second Notice of Removal, ECF No. 1-14). The Ninth Circuit Court of Appeals has found that facts presented in a removal petition, such as a settlement letter, are relevant evidence of the amount in controversy if they appear to reflect a reasonable estimate of the plaintiff's claim at the time of removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citing Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam). The Court is satisfied that the amount in controversy exceeds $75,000.

The Court has diversity jurisdiction over this action and would have had original jurisdiction over the action if it had the current Parties and had been filed initially in Federal Court. 28 U.S.C. § 1441(a).

**II. PLAINTIFF'S MOTION TO REMAND LACKS MERIT**

Plaintiff has filed a Motion entitled, "PLAINTIFFS' MOTION TO REMAND TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION." (ECF No. 8). Plaintiff seeks to remand the case to Hawaii State Court for the second time. The title of Plaintiff's Motion claims the Federal Court lacks subject-matter

jurisdiction.  Plaintiff does not cite any cases to support such an argument.  This Court has subject-matter jurisdiction based on diversity and there is no basis to find that subject-matter jurisdiction is lacking.

The substance of Plaintiff's Motion seeks to remand based on two theories that are unrelated to subject-matter jurisdiction.

First, Plaintiff argues that Defendant Safeway Inc. is precluded from removing the case to federal court a second time based on res judicata.

Second, Plaintiff argues that Defendant Safeway Inc. is precluded from removal based on judicial estoppel.

Neither of Plaintiff's arguments have merit.

### A.   Res Judicata Does Not Preclude Defendant's Removal

The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).  The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.  Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).

The case was first removed to Federal Court on January 13, 2017 in Joo Yun Chung v. Safeway Inc., Albert Mita, Civil No. 17-00020 HG-KJM.  In October 2017, the Parties provided the Court with a "STIPULATION TO REMAND REMOVED CIVIL ACTION TO STATE

COURT; ORDER." On October 20, 2017, the Federal Court approved the Parties' Stipulation and Order. (Stipulation and Order in Civil No. 17-00020 HG-KJM, ECF No. 68). No Judgment was entered by the Court.

Plaintiff argues that the Federal Court approved Stipulation and Order constitutes a Judgment for purposes of res judicata. Plaintiff believes the Stipulation and Order precludes Defendant Safeway Inc. from removing the case a second time. (Motion to Remand at p. 10, ECF No. 8).

Plaintiff attempts to rely on Kanarek v. Hatch, 827 F.2d 1389 (9th Cir. 1987), one of only two authorities cited in her motion.[1] (Id.) In Kanarek, the parties had stipulated to a settlement in a dispute in state court. 827 F.2d at 1391. The stipulation provided that the state court would enter a permanent injunction and it reserved jurisdiction to enforce the terms of the settlement. Id. Months after the settlement, one of the parties brought a new suit in the Federal District Court for the District of Hawaii for breach of contract, alleging breaches of the settlement in the stipulation. Id. at 1391-92. The Ninth Circuit Court of Appeals reviewed the federal district court's

---

[1] Plaintiff cites to Kanarek v. Hatch, 827 F.2d 1389 (9th Cir. 1987) only once, on page 2 of her Motion. (Motion to Remand at p. 2, ECF No. 8). In her section arguing that a stipulation is a judgment, Plaintiff instead cites to Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597 (9th Cir. 1996). (Motion to Remand at p. 10, ECF No. 8). The Court assumes Plaintiff was attempting to cite to Kanarek as Plaintiff relies on only two authorities in her Motion, and the description of the facts of the case and legal reasoning are nominally present in Kanarek and entirely absent from Risetto.

11

orders denying a motion to dismiss and imposing sanctions. Id. The Court of Appeals held that the imposition of sanctions was not justified because the Stipulation and Order was not simply a contract, but was in actuality a judgment where the state court had reserved jurisdiction for enforcement. Id. at 1393.

The facts in Kanarek bear no similarity to the facts of this case. Unlike in Kanarek, the Stipulation and Order to Remand this action is not the result of a finding by the Court, a permanent injunction, or a settlement by the Parties. It is merely a granting of an agreement of the Parties by Stipulation to return the case to Hawaii State Court.

The agreement of the Parties to dismiss Store Manager Mita from the action in Hawaii State Court vested the Federal District Court with subject-matter jurisdiction based on diversity. Defendant Safeway Inc.'s second removal petition is not precluded by res judicata. Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015)(citing Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)).

### B. Judicial Estoppel Does Not Apply

Plaintiff argues that by agreeing to the Stipulation and Order to Remand, Defendant is barred from filing a second Notice of Removal because it is an inconsistent position precluded by judicial estoppel. (Motion to Remand at p. 10, ECF No. 8).

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and

then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001)(citing Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir. 1996); Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Defendant Safeway Inc. has not taken a clearly inconsistent position. In Defendants' First Notice of Removal, Defendant Safeway Inc. contended that Store Manager Mita had been fraudulently joined by Plaintiff and that Plaintiff had failed to state a cause of action against Manager Mita. (First Notice of Removal at ¶ 17, ECF No. 1 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Jan. 13, 2017)). Once in Federal Court, Defendant Safeway Inc. argued that Manager Mita was fraudulently joined. Defendants' Motion for Summary Judgment argued that Plaintiff did not have a negligence cause of action against Manager Mita under Hawaii premises liability law. (Defendants' Motion for Partial Summary Judgment, ECF No. 62 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 4, 2017)). Less than one week after the Motion for Summary Judgment was filed, the Parties corresponded over email and Plaintiff insisted that Store Manager Mita had been validly joined. (Email between John Choi and Normand R. Lezy dated October 11, 2017, attached as Exhibit G to Second Notice of Removal, ECF No. 1-8).

This Court issued an Order to Show Cause requiring Plaintiff to identify the citizenship of each party and to specify the

amount in controversy. (OSC, ECF No. 64 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 5, 2017)). Plaintiff and Manager Mita testified in their depositions that they were both citizens of the State of Hawaii, and the Parties stipulated to remand the action back to Hawaii State Court. (Stipulation and Order to Remand, ECF No. 68 in Chung v. Safeway Inc.; Albert Mita, Civil No. 17-00020 HG-KJM (D. Haw. Oct. 20, 2017)).

Once back in Hawaii State Court, Defendants re-filed their Motion for Partial Summary Judgment as to Plaintiff's cause of action against Manager Mita. (Second Notice of Removal at ¶ 14, ECF No. 1). The Hawaii State Court did not rule on Defendants' Motion for Partial Summary Judgment, because Plaintiff stipulated to dismiss with prejudice all claims against Manager Mita. (Id. at ¶ 15). Nothing here suggests Defendant Safeway Inc. has sought an advantage by taking one position and then sought another advantage by taking a clearly inconsistent position.

It is Plaintiff Chung that has taken inconsistent positions. Plaintiff has taken inconsistent position with respect to her claims against Manager Mita. Plaintiff changed her position as to Manager Mita's citizenship in an attempt to defeat removal to Federal Court. 28 U.S.C. § 1446(c).

The Ninth Circuit Court of Appeals has yet to address the applicable standard for a court to find bad faith under Section 1446(c). The test articulated in Aguayo v. AMCO Ins. Co., 59 F.Supp.3d 1225, 1261 (D.N.M. 2014) held that a party attempts to

defeat removal based on diversity jurisdiction in bad faith by either: (i) naming a nondiverse or forum citizen defendant to defeat complete diversity or the forum citizen rule, or (ii) obfuscate the amount of damages sought to defeat the amount in controversy requirement. To determine bad faith, the court in Aguayo looked to whether the plaintiff actively litigated against the party blocking removal in state court. Id. at 1262-63.

In this case, Plaintiff Chung did not actively litigate her claims against Manager Mita. Instead, once back in Hawaii State Court and faced with another Motion for Summary Judgment, Plaintiff stipulated to dismiss Manager Mita with prejudice. Plaintiff has taken inconsistent positions to prevent removal by naming Manager Mita as a Defendant. Id.; 28 U.S.C. § 1446(c). The Court finds it unnecessary to reach the question of bad faith by Plaintiff. It is only necessary to find that judicial estoppel does not apply to the present action.

Plaintiff's Motion to Remand is without merit.

### III. PLAINTIFF'S MOTION TO REMAND IS ALSO UNTIMELY

A motion to remand a case on the basis of any defect, other than subject-matter jurisdiction, must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996); N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995).

15

### A. Plaintiff's Motion To Remand Does Not Address The Court's Subject-Matter Jurisdiction

Here, Plaintiff Chung filed her Motion to Remand more than thirty days after removal. Defendant Safeway Inc. filed its Second Notice of Removal on December 18, 2017. (Second Notice of Removal, in Civil No. 17-00597 HG-KJM, dated Dec. 18, 2017, ECF No. 1). Plaintiff did not file her Motion to Remand until thirty-two days later, on January 19, 2018. (Motion to Remand, ECF No. 8). Plaintiff was required to file her Motion to Remand on any basis, other than lack of subject-matter jurisdiction, within thirty days of the filing of the Second Notice of Removal. 28 U.S.C. § 1447(c). Plaintiff failed to do so.

It appears that Plaintiff attempted to circumvent the thirty-day deadline pursuant to the exception found in 28 U.S.C. § 1447(c). The removal statute allows for a motion to remand to be filed more than thirty days after removal if remand is due to lack of subject-matter jurisdiction.

Plaintiff titled her pleading, "Plaintiff's Motion to Remand to State Court for Lack of Subject Matter Jurisdiction." (Motion to Remand, ECF No. 8). In her Motion, Plaintiff did not raise any subject-matter jurisdiction related arguments. The Court has subject-matter jurisdiction based on diversity. Plaintiff's Motion to Remand is untimely.

**B. Plaintiff's Motion To Remand Does Not Address The Time Limitation On Removal**

There is a generally a one-year time limitation for removal of diversity cases. Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014). Time limits for removal are procedural rules and are not jurisdictional. Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702-04 (1972); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980).

Objection to a procedural defect is waived if not raised in a timely filed motion to remand. Smith, 761 F.3d at 1045-46; Corona-Contreras v. Gruel, 857 F.3d 1025, 1029 (9th Cir. 2017). Federal District Courts lack authority to remand *sua sponte* because of a procedural defect. Smith, 761 F.3d at 1045-46; Gruel, 857 F.3d at 1029.

This suit was commenced on October 17, 2016. (Plaintiff's Complaint, attached as Exhibit A to the Second Notice of Removal, ECF No. 1-2). Defendant Safeway Inc.'s Second Notice of Removal was filed over one year later on December 18, 2017. (Second Notice of Removal, ECF No. 1).

Plaintiff did not object to Defendant's Second Notice of Removal as being untimely in its Motion to Remand. The timing defect in Defendant Safeway Inc.'s Second Notice of Removal is procedural rather than jurisdictional. Plaintiff's failure to raise the procedural defect in a timely Motion to Remand waives any challenge to the untimely removal.

In Smith v. Mylan Inc., 761 F.3d at 1045, the Ninth Circuit

17

Court of Appeals specifically held that Section 1446(c)'s one-year rule was procedural and not jurisdictional.  The Circuit Court found that a plaintiff waives any challenge to the one-year rule by failing to timely object to removal on that basis.  Id. at 1046.

Plaintiff Chung has failed to both file a timely Motion to Remand and failed to raise a timely procedural challenge based on the one-year rule.

Plaintiff's Motion to Remand (ECF No. 8) is **DENIED**.

## CONCLUSION

The Court has subject-matter jurisdiction based on diversity pursuant to 28 § U.S.C. 1332.

Plaintiff's Motion to Remand is without merit and it is untimely.

Plaintiff Chung's Motion to Remand (ECF No. 8) is **DENIED**.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, April 16, 2018.

Helen Gillmor
United States District Judge

Joo Yun Chung v. Safeway Inc.; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; and Doe Governmental Entities 1-10; Civ. No. 17-00597 HG-KJM; **ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF No. 8)**

18